# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ROXANNE ARI, | ) | 1:07-cv-00733-LJO-TAG HC |
| | ) | |
| Petitioner, | ) | FINDINGS AND RECOMMENDATIONS |
| | ) | TO DISMISS PETITION FOR WRIT OF |
| v. | ) | HABEAS CORPUS (Doc. 1); ORDER |
| | ) | REQUIRING OBJECTIONS TO BE FILED |
| | ) | WITHIN TWENTY DAYS |
| FRANK WILSON, | ) | |
| | ) | ORDER GRANTING PETITIONER'S |
| Respondent. | ) | MOTION TO AMEND CAPTION TO |
| | ) | INCLUDE PRESENT WARDEN (Doc. 5) |

Petitioner is a state prisoner proceeding pro se on a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. On May 18, 2007, Petitioner filed his petition for writ of habeas corpus in this Court. (Doc. 1).

Petitioner, who alleges that she is incarcerated at incarcerated in the Central Women's Correctional Facility, Chowchilla, California, alleges that she is being involuntarily given psychotropic drugs in violation of her constitutional rights. (Doc. 1, pp. 14-18; p. 38). Petitioner challenges several decisions of administrative law judges ordering the involuntary administration of such drugs to Petitioner. (Doc. 1, p. 75; Doc. 5, p. 3). Documents submitted by Petitioner along with her petition indicate that doctors treating Petitioner have diagnosed her as suffering from "chronic paranoid schizophrenia," and that Petitioner has suffered from outbursts which she has blamed on "snakes" and conspiracies involving the Palestine Liberation Organization. (Doc. 1, p. 71; p. 73). The medical diagnosis concludes that Petitioner continues to "exhibit poor judgment and is devoid of insight into her severe mental illness." (Id. at p. 73). The diagnosis also indicates that if Petitioner does not receive the challenged treatment, she "will deteriorate

further." (Id. at p. 72). Petitioner presents no claims in her petition challenging either her conviction or sentence.

On June 20, 2007, Petitioner filed a motion to amend the petition to include the name of her new warden, Deborah L. Patrick, for the current respondent, Frank Wilson. (Doc. 5, p. 1).

## DISCUSSION

Rule 4 of the Rules Governing § 2254 Cases requires the Court to make a preliminary review of each petition for writ of habeas corpus. The Court must dismiss a petition "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief." Rule 4 of the Rules Governing 2254 Cases; see also Hendricks v. Vasquez, 908 F.2d 490 (9th Cir.1990). A federal court may only grant a petition for writ of habeas corpus if the petitioner can show that "he is in custody in violation of the Constitution . . . ." 28 U.S.C. § 2254(a). A habeas corpus petition is the correct method for a prisoner to challenge the "legality or duration" of his confinement. Badea v. Cox, 931 F.2d 573, 574 (9th Cir. 1991), quoting Preiser v. Rodriguez, 411 U.S. 475, 485 (1973); Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases. In contrast, a civil rights action pursuant to 42 U.S.C. § 1983 is the proper method for a prisoner to challenge the conditions of that confinement. McCarthy v. Bronson, 500 U.S. 136, 141-42 (1991); Preiser, 411 U.S. at 499; Badea, 931 F.2d at 574; Advisory Committee Notes to Rule 1 of the Rules Governing Section 2254 Cases.

In this case, Petitioner challenges the administrative law judge's rulings sanctioning the involuntary administration of psychotropic drugs, specifically Haldol, to Petitioner purportedly in violation of her constitutional rights. In the petition, Petitioner requests that the Court vacate the administrative law judge's order that she be administered psychotropic drugs, that a writ of habeas corpus be issued, and that her original "conviction and sentence be vacated and the charges dismissed." (Doc. 1, pp. 17-18).

Notwithstanding Petitioner's request that her conviction and sentence be vacated, the gravamen of Petitioner's complaint relates to her medical treatment while in the custody of the CDCR. Petitioner is thus challenging the conditions of his confinement, not the fact or duration of that confinement. Thus, Petitioner is not entitled to habeas corpus relief, and this petition

must be dismissed.  Should Petitioner wish to pursue her claims, Petitioner must do so by way of a civil rights complaint pursuant to 42 U.S.C. § 1983.

**ORDER**

For the foregoing reasons, the Court HEREBY ORDERS as follows:

1. Petitioner's motion to amend the caption to include Deborah L. Patrick as Respondent (Doc. 5), is GRANTED; and

2. The Clerk of Court is DIRECTED to substitute the name of the present warden, Deborah L. Patrick, for the previous respondent, Frank Wilson.

**RECOMMENDATIONS**

Additionally, the Court RECOMMENDS:

1. That the petition for writ of habeas corpus (Doc. 1), be DISMISSED because the petition does not allege grounds that would entitle Petitioner to habeas corpus relief;

2. That the Clerk of Court be DIRECTED to send Petitioner the standard form for claims pursuant to 42 U.S.C. § 1983.

These Findings and Recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636 (b)(1)(B) and Rule 72-304 of the Local Rules of Practice for the United States District Court, Eastern District of California. Within twenty (20) days after being served with a copy, any party may file written objections with the Court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The District Court will then review the Magistrate Judge's ruling pursuant to 28 U.S.C. § 636 (b)(1)(C).  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

IT IS SO ORDERED.

Dated:  **June 26, 2007**                         /s/ Theresa A. Goldner
                                    UNITED STATES MAGISTRATE JUDGE

3