# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROXANNE ARI,<br><br>　　　　Petitioner,<br><br>　v.<br><br>DEBORAH L. PATRICK,<br><br>　　　　Respondent. | 1:07-cv-00733-LJO-TAG HC<br><br>ORDER GRANTING MOTION FOR EXTENSION OF TIME TO FILE NOTICE OF APPEAL  (Doc. 12)<br><br>ORDER DIRECTING CLERK OF COURT TO SERVE COPY OF THIS ORDER ON THE UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT |

　　　Petitioner is a state prisoner proceeding pro se with a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.

　　　On June 27, 2007, the Magistrate Judge issued Findings and Recommendations recommending that the petition for writ of habeas corpus be dismissed because it did not state a claim for which habeas relief was possible.  (Doc. 7).  On November 28, 2007, the District Judge adopted the Findings and Recommendations and entered judgment dismissing the petition.  (Docs. 9, 10).  On January 22, 2008, Petitioner filed with this Court a motion for extension of time to file her notice of appeal.  (Docs. 12, 14).  In that motion, Petitioner avers that she had erroneously believed she had sixty days in which to file her Notice of Appeal rather than the thirty days provided by the federal rule.  (Doc. 12).  The motion was denied as untimely.  (Doc. 19).

　　　On December 3, 2008, the Ninth Circuit issued an order remanding the case to the district court for the limited purpose of ruling on Petitioner's motion for extension of time to file the notice

1  of appeal.  (Doc. 21).  The Ninth Circuit's order indicates that, in the Ninth Circuit's judgment, the
2  motion for extension of time was timely because the motion, filed pursuant to Federal Rule of
3  Appellate Procedure 4(a)(5), would be timely if filed within thirty days after the time to appeal had
4  expired.  Fed. R. App. P. 4(a)(5)(A)(i).  Here, the motion was filed on January 22, 2008, twenty-six
5  days after the thirty day period for filing the Notice of Appeal would have expired, thus making
6  Petitioner's motion timely under Rule 4.  The Court agrees with the Ninth Circuit's analysis of the
7  timeliness of Petitioner's motion for extension of time.
8         Having determined that the motion was timely, the remaining matter is to address the merits
9  of the motion itself.  Rule 4(a)(5)(A) of the Federal Rules of Appellate Procedure permits the district
10 court to extend the time to file a notice of appeal "if a party so moves no later than 30 days after the
11 time prescribed by this Rule 4(a) expires; and regardless of whether its motion is filed before or
12 during the 30 days after the time prescribed by this Rule 4(a) expires, that party shows excusable
13 neglect or good cause."  Fed. R. App. P. 4(a)(5)(A)(i) and (ii).  The 2005 Advisory Committee Notes
14 to Rule 4(a)(5)(A) confirm that when, as in this instance, a motion for extension is filed during the
15 thirty days following the expiration of the original deadline, the motion may be granted if the movant
16 shows either excusable neglect or good cause.  Thus, the only issue now before the Court is whether
17 Petitioner has shown excusable neglect or good cause.
18        The excusable neglect standard applies when a party is at fault for failing to meet a deadline.
19 The good cause standard applies when a party is not at fault.  The excusable neglect and good cause
20 standards are not interchangeable. See Lorenzen v. Employees Retirement Plan, 896 F.2d 228, 232
21 (7th Cir. 1990)("the standards of excusable neglect and good cause . . . have different domains.").
22 Petitioner alleges in her motion that she did not file a notice of appeal within the thirty days
23 permitted by rule of court because she mistakenly believed she had sixty days to do so.  Thus, the
24 failure to timely file the notice of appeal was the fault of Petitioner, and, hence, the applicable
25 standard is excusable neglect, not good cause.
26        "In evaluating whether neglect is excusable, a district court must consider the four factors
27 established by the United States Supreme Court in Pioneer Investment Services Co. v. Brunswick
28

2

Associates Limited Partnership, 507 U.S. 380, 113 S.Ct. 1489 (1993): '(1) the danger of prejudice to the non-moving party, (2) the length of delay and its potential impact on judicial proceedings, (3) the reason for the delay, including whether it was within the reasonable control of the movant, and (4) whether the moving party's conduct was in good faith.'" Mendez v. Knowles, 535 F.3d 973, 980 (9th Cir. 2008) Mendez, 535 F. 3d at 980 (citing Pincay v. Andrews, 389 F.3d 853, 855 (9th Cir. 2004) (internal citation omitted)).

      Applying those factors to the present case, the Court concludes that Petitioner's motion should be granted. Petitioner contends that she misunderstood the deadline for filing her notice of appeal and erroneously believed it was sixty days rather than thirty days. As a result, she filed her notice of appeal some twenty-six days after the applicable deadline had expired. The Court finds that the twenty-six day delay did not prejudice Respondent nor did it adversely affect the judicial proceedings in this case. Respondent did not oppose Petitioner's motion at the time it was filed and, accordingly, did not allege any prejudice should the motion be granted. The slight delay occasioned by granting the extension of time would have only a minimal impact on the parties and the Court.

      Nor does the Court find that Petitioner acted in bad faith by bringing the motion for extension of time after the initial thirty-day period had expired. Nothing in the record suggests that Petitioner was seeking to delay the proceedings; indeed, it was in Petitioner's interest to have this matter proceed as expeditiously as possible in order to effectuate the Ninth Circuit's review of the District Court's dismissal of her petition.

      As to the third factor, Pioneer indicates that one circumstance the Court should consider is whether the delay "was within the reasonable control of the movant." Pioneer, 507 U.S. at 395. The United States Supreme Court has emphasized that excusable neglect includes "situations in which the failure to comply with a filing deadline is attributable to negligence." Marx v. Loral Corp., 87 F.3d 1049, 1054 (9th Cir. 1996)(citing Pioneer, 507 U.S. at 394). The Pioneer Court rejected the notion that "excusable neglect" could not be found when the delay was not caused by circumstances beyond the movant's control, choosing instead to apply a broader standard that permitted a finding of excusable neglect even where the filer was in control of the situation that caused the delay. Pioneer,

507 U.S. at 386-395 ("'[E]xcusable neglect'...is not limited to situations where the failure to timely file is due to circumstances beyond the control of the filer."); see Pincay, 389 F.3d at 856-860 (affirming district court's decision to grant extension of time for excusable neglect where paralegal miscalculated the filing deadline, and explaining that a situation "not in control of the filer" is, for example, when the messenger delivering the documents to the clerk's office is hit by a truck).

Moreover, the Ninth Circuit has also declined to give primary weight to any one of the Pioneer factors, concluding instead that "the weighing of Pioneer's equitable factors" must be left to "the discretion of the district court in every case." Pincay, 389 F.3d at 860.

Here, Petitioner has alleged in her petition that the state court has found her "gravely disabled," and suffering from mental disorder such that she is incompetent to refused medications for her mental condition. (Doc. 1, p. 7). Accordingly, Petitioner contends that the state court has violated her constitutional rights by involuntarily administering to her various psychotropic medications. (Id.). Petitioner maintains she is not insane, but that the state court judge and medical personnel are part of a conspiracy of the "SLA" to make her insane. (Id. at p. 8). In the petition to renew the order for involuntary medication filed by the California Department of Corrections and Rehabilitation on May 18, 2006, the State of California alleged that Petitioner had been diagnosed as suffering from "chronic paranoid schizophrenia, a condition that renders her, gravely disabled and incompetent to refuse medications." (Doc. 1, p. 68). The motion goes on to allege that at an administrative hearing on June 17, 2005, Petitioner had been found "by clear and convincing evidence to be, gravely disabled and incompetent to refused medication..." (Id.). The medical report attached to the motion indicates that Petitioner "is sixty-five years old, [and] has a long history of chronic paranoid ideations and delusions. She apparently ha[d] been harassing her ex-husband, and ultimately shot him in front of a courthouse in 1990. Her paranoid symptoms actually began at the time of their divorce in 1969. She still maintains delusions regarding ownership of the family home and the custody of her grown son." (Id. at p. 72).

Given the seriousness of Petitioner's mental condition, and recognizing the inherent difficulties facing an inmate unskilled in the law in properly researching the applicable legal

deadlines for his or her case, the Court finds that, while the third <u>Pioneer</u> factor was within Petitioner's control and does not, in the strictest sense, weigh in Petitioner's favor, the above-mentioned factors mitigate Petitioner's failure to properly divine the correct deadline for filing her notice of appeal. Considering that the other three <u>Pioneer</u> factors weigh in favor of granting the motion for extension of time, and that the remaining <u>Pioneer</u> factor is mitigated in part by the circumstances discussed above, the Court concludes that Petitioner's motion should be granted.

### **ORDER**

For the foregoing reasons, it is HEREBY ORDERED as follows:

1. Petitioner's motion for extension of time to file her Notice of Appeal (Doc. 12), is GRANTED to and including January 22, 2008;
2. This Order is made *nunc pro tunc* to January 22, 2008; and
3. The Clerk of the Court is DIRECTED to serve a copy of this Order on the United States Court of Appeals for the Ninth Circuit.

IT IS SO ORDERED.

Dated:   **December 15, 2008**                                         /s/ Theresa A. Goldner
                                                                                    UNITED STATES MAGISTRATE JUDGE